**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Deepa Krishnan (Cal. Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
hank@kronenbergerlaw.com
deepa@kronenbergerlaw.com

**Attorneys for Plaintiff**
Willow Wine Storage, LLC



ORIGINAL
FILED

JAN 11 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**CV 08**    **0222 SC**

| | |
|---|---|
| **Willow Wine Storage, LLC,** a California Limited Liability Company,<br><br>    Plaintiffs,<br><br>  vs.<br><br>**Gunter Enz, an individual, and DOES 1-10,**<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR CYBERSQUATTING (PURSUANT TO 15 U.S.C § 1125(d)) AND TRADEMARK INFRINGEMENT (PURSUANT TO 15 U.S.C § 1114)**<br><br>**JURY TRIAL DEMANDED** |

BY FAX

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

COMPLAINT

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  Plaintiff Willow Wine Storage, LLC ("Plaintiff") alleges as follows:

2  **INTRODUCTION AND BRIEF FACTUAL BACKGROUND**

3  1.  Plaintiff is the registered owner of two federal trademarks on the word

4  "WINEBANK" (the "Marks"), in connection with: (a)  the online retail services featuring

5  wine and beer, and (b) storage facilities related to wine and other beverages.  Plaintiff

6  has used these Marks in commerce since at least 2001.  Plaintiff has recently filed a five-

7  year affidavit with regard to the Marks.  Plaintiff also owns and operates three websites

8  related to the Marks on the following domains: winebankwine.com, winebankonline.com,

9  winebank.us.  Attached hereto as Exhibit "A", and incorporated herein by this reference,

10  are printouts from the USPTO website of the Marks' registrations (USPTO Reg. Nos.

11  2812522 and 2593901).

12  2.  Plaintiff has recently learned that Defendant Gunter Enz ("Defendant Enz")

13  is operating a competing website (hereinafter, the "website") on the unlawfully registered

14  domain, WINEBANK.COM (the "Domain").   The Domain not only incorporates Plaintiff's

15  Marks verbatim, but also the website uses the Marks in commerce in a manner likely to

16  cause confusion or deceive as to the origin of the products and services offered thereon.

17  3.  Plaintiff therefore brings this action to obtain: (a) the transfer of the

18  unlawfully registered Domain; (b) a preliminary and permanent injunction prohibiting

19  Defendants from infringing on the Marks; and (c) general, special, actual, and statutory

20  damages, and attorneys' fees.

21  4.  This Complaint shall be amended to substitute names of individuals or

22  business entities for "Does" in due course, upon the identification of additional

23  defendants through discovery.

24  5.  Whenever in this Complaint reference is made to the acts of Defendant Enz

25  or Does 1-10, that allegation shall refer collectively to all Defendants who, upon

26  information and belief, are engaged in an express or implied principal/agent relationship

27  whereby individual defendants operated under actual or ostensible authority to perform

28  the acts so alleged,  and/or whereby individual defendants authorized, aided, abetted,

COMPLAINT

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  furnished the means to, advised, or encouraged the acts of the other individual

2  defendants.

### JURISDICTION AND VENUE

4  　　6.　　Through this Complaint, Plaintiff alleges violations of the trademark laws of

5  the United States, 15 U.S.C. §§ 1114 and 1125.  This Court has subject matter

6  jurisdiction to decide this case pursuant to these causes of action arising under the

7  Lanham Act.

8  　　7.　　This Court has personal jurisdiction over Defendant Enz because

9  Defendant Enz has purposely availed himself of the benefits of conducting business in

10 the State of California and in this District.  Upon information and belief, Defendant Enz

11 has intentionally directed the operation of the WINEBANK.COM website—along with

12 several other websites Defendant Enz owns and operates—toward the State of California

13 and its residents, the largest e-commerce market in the world.  The website offers a

14 variety of products and services in Northern California.  Moreover, the deleterious effects

15 of Defendant Enz's misconduct are felt most severely in the Northern District, where

16 Plaintiff is based and conducts its business.

17 　　8.　　Venue is proper in this district and division pursuant to 28 U.S.C.

18 §1391(b)(2) because a substantial part of the property that is the subject of this action is

19 situated here, the harm is felt most severely here, and, upon information and belief, a

20 substantial part of the events and omissions giving rise to Plaintiff's claims occurred here.

### INTRADISTRICT ASSIGNENT

22 　　9.　　For the purposes of Local Rule 3-2(c), this action arises in San Francisco,

23 where a substantial part of the events or omissions which give rise to the claims alleged

24 herein occurred.

### PARTIES

26 　　10.　　Plaintiff is a limited liability company organized since 2000 under the laws

27 of the state of California.  It owns federal trademarks on the words "WINEBANK" in

28 connection with, among other products and services, online retail services featuring wine

COMPLAINT

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  and beer, and storage facilities related to wine and other beverages.  It owns the

2  following domains and operates websites thereon: winebankwine.com,

3  winebankonline.com, winebank.us.  All three websites offer products, services, and

4  information related to wine, including wine storage.

5       11.    The competing website operating on the Domain offers products, services,

6  and information related to wine, including wine-related tourism, storage, tasting and retail

7  sales.  The website offers HTML hyperlinks to competitors of Plaintiff and contains pay-

8  per-click advertising links[1] for a variety of wine-related services including wine-storage.

9  The owner and operator of the website is Defendant Enz.

10      12.    Upon information and belief, Defendant Enz has registered, transferred,

11  and trafficked in the Domain with the bad-faith intent of profiting from the goodwill

12  established by Plaintiff in the Marks.  The Marks have acquired secondary meaning,

13  substantial goodwill, and common-law and statutory trademark rights.  To unlawfully

14  capitalize on this goodwill, Defendant Enz has attempted to divert consumers from

15  Plaintiff's online locations to a site accessible under the Domain which could harm the

16  goodwill represented by the Marks, for commercial gain, by creating a likelihood of

17  confusion as to the source, sponsorship, affiliation, or endorsement of the site.  To further

18  this end, upon information and belief, Defendant Enz is benefitting from pay-per-click

19  advertising based on its use of Plaintiff's Marks.

20                    **DOMAIN NAME REGISTRAR AND REGISTRY**

21      13.    The domain name registrar for the Domain is NamesDirect, located in

22  Vancouver, Washington.

23      14.    The domain name registry for the Domain is Verisign, Inc., a Delaware

24  corporation having its principal place of business in the Northern District of California at

25  487 East Middlefield Road, Mountain View, California 94043.

26  _____

27  [1] Pay-per-click is an advertising model which uses keywords; when a user types a
    keyword query matching the advertiser's keyword list, or views a page with relevant
    content, the advertiser's ad may be shown.  The advertiser only pay when a user
28  actually clicks on an ad to visit the advertiser's website.

COMPLAINT

**FIRST CAUSE OF ACTION**

***(against all Defendants)***

**Cybersquatting Under Section 43(d) of The Lanham Act, 15 USC § 1125(d)**

15. Plaintiff re-alleges and incorporates herein the above paragraphs 1-14.

16. The actions as described above, including Defendant Enz's continued use of the Domain, constitute use of Plaintiff's Marks and name in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), in that Defendants have registered a domain name which is identical or confusingly similar to the Marks.

17. Defendants have annually registered the Domain and utilized Plaintiff's Marks in the Domain and on the website associated with the Domain with a bad faith intent to profit from the Marks.

18. As a direct and proximate result of the actions, conduct, and practices alleged above, including the Domain registrant's bad faith intent, and Defendant Enz's continued use of the Domain in connection with its website, Plaintiff has been damaged and will continue to be damaged.

19. Plaintiff has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

***(against all Defendants)***

**Trademark Infringement Under Section 32 of The Lanham Act, 15 USC § 1114**

20. Plaintiff re-alleges and incorporates herein the above paragraphs 1-19.

21. Defendants have, without Plaintiff's consent, used in commerce reproduction, copies, or colorable imitations of Plaintiff's registered Marks.

22. Defendants have, without Plaintiff's consent, used the Marks in connection with the sale and advertising of goods or services in a manner which is likely to cause consumer confusion or deception.

23. As a direct and proximate result of the actions, conduct, and practices alleged above, Plaintiff has been damaged and will continue to be damaged.

24. Plaintiff has no adequate remedy at law.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

COMPLAINT

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this Court enter judgment against Defendant Enz in Plaintiff's favor on the claims set forth above.   Specifically, Plaintiff prays that the Court:

(1) enter a judgment against Defendant Enz that Defendant Enz has committed and is committing Cybersquatting against Plaintiff's trademarks pursuant to 15 U.S.C. §1125 (d), and infringement pursuant to 15 U.S.C. 1114;

(2) order the transfer of the domain name WINEBANK.COM to Plaintiff;

(3) issue a preliminary and permanent injunction against Defendant Enz, Defendant Enz's agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant Enz, enjoining and restraining them from:

    a. using in any manner the Marks alone or in combination with any other words or symbols, or any foreign derivatives or equivalents that are likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service that is not Plaintiff's or not authorized by Plaintiff to be sold in connection with these Marks;

    b. registering any domain name that is likely to cause confusion, deception or mistake with the Marks, on or in connection with the advertising, offering for sale, or sale of any product or service that is not Plaintiff's or not authorized by Plaintiff to be sold in connection with this trademark;

    c. engaging in any other activity constituting an infringement of Plaintiff's Marks, or of Plaintiff's rights in, or right to use or to exploit said Marks;

(4) order Defendant Enz to pay Plaintiff's general, special, actual and statutory damages as follows:

    a. Plaintiff's damages and Defendant Enz's profits pursuant to 15 U.S.C. §1117(a), and/or

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

6

COMPLAINT

b. Statutory damages of $100,000 pursuant to 15 U.S.C. §1117(d), and/or

c. Such other damages as the Court shall deem to be within the provisions of the Lanham Act, as amended; and/or

d. Interest, including prejudgment interest, on the foregoing sums.

(5) order Defendant Enz to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action pursuant to §1117(a); and

(6) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Respectfully Submitted,

DATED: January 11, 2007

**KRONENBERGER BURGOYNE, LLP**

By: _____

Henry M. Burgoyne, III
Deepa Krishnan
Attorneys for Plaintiff
Willow Wine Storage, LLC

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

COMPLAINT

1  **DEMAND FOR JURY TRIAL**

2  Plaintiff Willow Wine Storage, LLC hereby demands a trial of this action by jury.

3

4  Respectfully Submitted,

5  DATED:  January 11, 2007

6                                                                    **KRONENBERGER BURGOYNE, LLP**

7

8                                                          By: _____

9                                                                Henry M. Burgoyne, III
                                                                  Deepa Krishnan

10                                                               Attorneys for Plaintiff
                                                                  Willow Wine Storage, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

8                                                                                                      COMPLAINT